**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THOMAS J. HEEG, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FMC CORPORATION, MARK A. DOUGLAS, and ANDREW D. SANDIFER, <br><br> Defendants. | Case No. 2:23-cv-04398-KNS <br><br> <u>CLASS ACTION</u> |
| EMPLOYER-TEAMSTERS LOCAL NOS. 175 & 505 HEALTH & WELFARE FUND, on Behalf of Itself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FMC CORPORATION, MARK A. DOUGLAS, and ANDREW D. SANDIFER, <br><br> Defendants. | Case No. 2:23-cv-04487-KNS |

*(case caption continues on following page)*

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF ITS SELECTION OF LEAD COUNSEL, AND <u>CONSOLIDATION OF THE RELATED ACTIONS</u>**

OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,

              Plaintiff,

     v.

FMC CORPORATION, MARK A. DOUGLAS, and ANDREW D. SANDIFER

              Defendants.

Case No. 2:23-cv-04842-KNS

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND.................................................................................................... 3

ARGUMENT............................................................................................................................ 6

    A.     Oklahoma Firefighters Should Be Appointed Lead Plaintiff .......................................... 6

          1.     Oklahoma Firefighters Satisfied The PSLRA's Procedural Requirements ............6

          2.     Oklahoma Firefighters Believes That It Has The Largest Financial Interest In The Relief Sought By The Class..............................................................................7

          3.     Oklahoma Firefighters Satisfies The Requirements Of Rule 23 .............................9

    B.     Oklahoma Firefighters Selected Well-Qualified Counsel To Represent The Class ...... 11

    C.     Consolidation Of All Related Actions Is Warranted ....................................................... 13

CONCLUSION....................................................................................................................... 13

## **TABLE OF AUTHORITIES**

**Cases**

*Christian v. BT Group PLC*,
2017 WL 3705804 (D.N.J. Aug. 28, 2017) .................................................................. 8

*City of Roseville Employees Ret. Sys. v. Horizon Lines Inc.*,
2009 WL 1811067 (D. Del. June 18, 2009).................................................................. 8

*Dura v. Pharmaceuticals, Inc. v. Broudo*,
544 U.S. 336 (2005)..................................................................................................... 2, 8

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ........................................................................................ 7

*In re Valeant Pharms. Int'l, Inc. Sec. Litig.*,
2021 WL 4272654 (D.N.J. Sept. 21, 2021) ................................................................ 8

*Kanefsky v. Honeywell Int'l Inc.*,
2019 WL 936662 (D.N.J. Feb. 26, 2019) .................................................................... 9

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) ................................................................................... 13

*Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*,
2010 WL 3924862 (E.D.N.Y. Aug. 17, 2010)............................................................. 11

*Ratz v. PhotoMedex, Inc.*,
2014 WL 12611308 (E.D. Pa. Feb. 12, 2014) ............................................................ 10

*Reid v. Hemispherx Biopharma, Inc.*,
2010 WL 11707722 (E.D. Pa. Feb 12, 2010) ............................................................. 8

*Stires v. Eco Science Solutions, Inc.*,
2018 WL 5784817 (D.N.J. Feb. 14, 2018) ................................................................. 2

*Strougo v. Unisys Corp.*,
2023 WL 4140822 (E.D. Pa. June 22, 2023)............................................................... 9, 11

**Statutes**

15 U.S.C. § 78j................................................................................................................ 1

15 U.S.C. § 78t................................................................................................................ 1

15 U.S.C. § 78u................................................................................................................ passim

17 C.F.R. § 240.10b-5..................................................................................................... 1

**Other Authorities**

1995 U.S.C.C.A.N. 730 (1995)..................................................................................................... 10

H.R. Conf. Rep. No. 104-369 (1995).................................................................................... 2, 10

S. Rep. No. 104-98 (1995) ....................................................................................................... 2

**Rules**

Fed. R. Civ. P. 23 ................................................................................................. 2, 6, 9, 10

Fed. R. Civ. P. 42 ...................................................................................................... 1, 13

Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters") respectfully submits this memorandum of law in support of its motion: (1) to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) for approval of its selection of Bleichmar Fonti & Auld LLP ("BFA") as Lead Counsel for the Class; (3) for consolidation of all related securities class actions pursuant to Federal Rule of Civil Procedure 42(a); and (4) for any such further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

On December 7, 2023, Oklahoma Firefighters, through its counsel, BFA, filed a securities class action alleging that the agricultural sciences company FMC Corporation ("FMC" or the "Company") and certain of its senior officers defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). *See Oklahoma Firefighters Pension and Retirement System v. FMC Corp.*, No. 2:23-cv-04842-KNS (E.D. Pa.) ("*Oklahoma Firefighters*"). Two similar class actions are currently pending in this District (together with *Oklahoma Firefighters*, the "Related Actions").[1]

The Related Actions allege that FMC misrepresented the level of patent protections afforded to the Company's two key insecticide products. *Oklahoma Firefighters* adds interconnected allegations that Defendants misrepresented the amount of product in the Company's distribution channels, as well as the reasons for any buildup of inventory.

---

[1] *See Heeg v. FMC Corp.*, No. 2:23-cv-04398-KNS (E.D. Pa. filed Nov. 9, 2023) ("*Heeg*"); *Employer-Teamsters Local Nos. 175 & 505 Health & Welfare Fund v. FMC Corp.*, No. 2:23-cv-04487-KNS (E.D. Pa. filed Nov. 14, 2023) ("*Employer-Teamsters*").

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), this Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation, and whether such movant has made a *prima facie* showing that it is a typical and adequate class representative under Federal Rule of Civil Procedure 23(a). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, Oklahoma Firefighters believes it is the "most adequate plaintiff" by virtue of, among other things, the approximately $2.7 million in losses that it incurred on its investments in FMC common stock during the Class Period.[2]

Oklahoma Firefighters also satisfies the relevant requirements of Rule 23(a) because its claims are typical of all members of the Class, and it will fairly and adequately represent the Class. Indeed, Oklahoma Firefighters is more than adequate; it is precisely the type of investor that Congress intended to lead securities class actions. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995); S. Rep. No. 104-98, at *6 (1995). As a sophisticated institution, Oklahoma Firefighters has significant experience serving in a fiduciary capacity, supervising the work of outside counsel, and can leverage its resources to help maximize the recovery for the Class. Oklahoma Firefighters also has prior experience serving as Lead Plaintiff and a class representative in securities class actions, recovering more than $330 million for investors. As is clear from the results it achieved, Oklahoma Firefighters fully understands the Lead Plaintiff's obligations to the Class under the

---

[2] For purposes of this motion, Oklahoma Firefighters has provided its financial interest under the longest noticed Class Period of February 9, 2022 through October 30, 2023, alleged in *Oklahoma Firefighters*. *See Stires v. Eco Science Solutions, Inc.*, 2018 WL 5784817, at *1 n.2 (D.N.J. Feb. 14, 2018) ("For the purpose of determining Lead plaintiff, this Court finds that the use of the longer period . . . is proper" because it "encompasses more potential class members and covers more of the time in which Defendants' alleged improper behavior was underway").

2

PSLRA, and it is willing and able to take on the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this case. *See Oklahoma Firefighters* ECF No. 1 at 35 of 38.

Finally, Oklahoma Firefighters has selected BFA, a law firm with substantial experience in successfully prosecuting securities class actions, to serve as Lead Counsel for the Class, and Hangley Aronchick Segal Pudlin & Schiller ("Hangley Aronchick"), a law firm with broad experience in complex litigation, to serve as Liaison Counsel. Accordingly, Oklahoma Firefighters respectfully requests that the Court appoint it Lead Plaintiff and otherwise grant its motion.

## FACTUAL BACKGROUND

FMC is an agricultural sciences company based in Philadelphia, Pennsylvania. ¶2.[3] Two of the Company's key products are purportedly patented molecules used in insecticides named Rynaxypyr and Cyazypyr. *Id*. FMC sells its products, including its insecticides, directly through its own sales organization, and through independent distributors and other partners. *Id*.

Throughout the Class Period, the Company touted "record results" driven by sustainable, recurring factors such as the introduction of "new products and continued market expansion of Rynaxypyr® and Cyazypyr®" and assured investors that demand for its products was "very, very strong . . . it's very strong all over the world." ¶3. When analysts asked about FMC's "channel inventories" (*i.e.*, the amount of product sitting with distributors that had not yet been sold) and whether demand was driven by transitory factors like customer "prebuying," the Company responded: "we are not concerned about channel inventories . . . we're not seeing anything that we would say is concerning at all." *Id*. And after FMC began to acknowledge a buildup of inventory, it said that the buildup was limited to "pockets" in certain regions and attributed the buildup to routine business events such as being "in the planting season" or "a drought." *Id*.

---

[3] All citations to ¶__ refer to the complaint filed in *Oklahoma Firefighters*.

Additionally, during the Class Period, FMC consistently represented that it was insulated from competition given a suite of "process patents" that covered Rynaxypyr and Cyazypyr, providing further assurance to investors regarding the strength and sustainability of demand for the Company's products. ¶4. For example, FMC insisted "there's not a single legal competitor in Rynaxypyr in the world today" and repeatedly referenced significant legal victories with respect to its patent portfolio that it achieved in crucial markets like India and China. *Id*.

These statements were materially false and misleading. In truth, demand for FMC's products was artificially boosted by customer double-ordering after the dissipation of COVID-19 pandemic disruptions, a transitory occurrence that was unlikely to recur, leaving FMC's distribution channels full of product that it could not sell. ¶5. Further, beginning in or around September 2022, FMC lost critical patent litigation in India and China which caused increased competition from generic producers, further exacerbating the Company's inventory buildup. *Id*.

On July 10, 2023, FMC announced "[a]brupt and unprecedented reductions in channel inventory by customers in North America, Latin America and EMEA" (Europe, the Middle East, and Africa) leading to "unprecedented volume declines" across its business. ¶6. As a result, FMC slashed its 2Q 23 Adjusted EBITDA forecast by approximately 50% (after raising its full year EBITDA outlook just two months earlier) and announced that it imposed "[s]ignificant cost mitigation actions," cutting operating expenses in the second half of the year by $60-$70 million to conserve costs. *Id*. This news caused the price of FMC common stock to decline $11.62 per share, or over 11%, from $104.25 per share on July 7, 2023 to $92.63 per share on July 10, 2023. ¶8.

Then, on September 7, 2023, activist investment firm Blue Orca Capital issued a report claiming that FMC "concealed from investors the deterioration of [its] core business[,] resulting

in an inescapable cycle of falling revenues, plummeting cash flows, [and] declining profits." ¶9. Blue Orca "spoke to a number of experts, including former employees of FMC and its distribution partner [named UPL Ltd.] who said that a reversal of the factors which temporarily boosted the Brazilian crop protection market during the Covid induced supply chain disruption is likely to drop the crop protection industry back to 2021 levels, erasing the gains of the last 2-3 years." *Id.* Additionally, Blue Orca claimed that "FMC has concealed from investors that it has suffered a recent string of stunning legal defeats around the globe that have enabled competitors to now launch competing generics at prices up to 80% below the price of FMC's flagship insecticide product." ¶11. This news caused the price of FMC common stock to decline $6.09 per share, or approximately 7%, from $82.19 per share on September 6, 2023 to $76.10 per share on September 7, 2023. ¶12.

Next, on October 23, 2023, FMC cut its revenue and earnings outlook for 3Q and FY 2023 due to continued destocking throughout its business, with a particularly severe reduction in Latin America, and it acknowledged that the "significant global destocking impacts are expected to persist into next year" and are "not expected to improve in the near-term." ¶13. As a result, FMC "initiated an immediate restructuring process for our operations in Brazil" and "launched a broader, more comprehensive process to review and adjust our total Company cost structure." *Id.* This news caused the price of FMC common stock to decline $8.83 per share, or roughly 13%, from $66.95 per share on October 20, 2023 to $58.12 per share on October 23, 2023.

Finally, on October 30, 2023, FMC reported earnings for 3Q 23, revealing that revenue for the quarter declined 29% as compared to the prior year, driven primarily by lower volumes from channel destocking, particularly in Brazil. ¶15. The next day, FMC revealed that the "sudden deceleration" in earnings required the Company to negotiate temporary debt covenant relief. *Id.*

5

This news caused the price of FMC common stock to decline $4.76 per share, or more than 8%, from $57.96 per share on October 30, 2023 to $53.20 per share on October 31, 2023.  ¶16.

## ARGUMENT

### A.  Oklahoma Firefighters Should Be Appointed Lead Plaintiff

Oklahoma Firefighters respectfully submits that the Court should appoint it Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).  In the selection of a Lead Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Here, Oklahoma Firefighters believes that it is the presumptively "most adequate plaintiff" because it: (1) complied with the PSLRA's procedural requirements; (2) believes it asserts the largest financial interest in the relief sought by the Class; and (3) satisfies Rule 23's typicality and adequacy requirements.

### 1.  Oklahoma Firefighters Satisfied The PSLRA's Procedural Requirements

Under the PSLRA, any class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  On November 9, 2023, Plaintiff Thomas Heeg filed the first of the Related Actions and alleged that Defendants fraudulently misrepresented the status of patent protections for FMC's key insecticide products during the period of November 2, 2022 to October 20, 2023.  *See Heeg* ECF No. 1 at ¶2.  On the same day, counsel for Mr. Heeg published a notice on *Globe Newswire*, which alerted investors to the pendency of the action and set the deadline to seek Lead Plaintiff status by January 8, 2024.  *See* Declaration of John S. Summers ("Summers Decl.") Ex. A.

6

On November 14, 2022, Plaintiff Employer-Teamsters Local Nos. 175 & 505 Health & Welfare Fund ("Employer-Teamsters") filed a substantially similar action that asserted a broader Class Period of November 1, 2022 through October 30, 2023. *See Employer-Teamsters* ECF No. 1 at ¶1. On the same day, counsel for Employer-Teamsters published a notice on *Business Wire* alerting investors to the expanded Class Period, and reminded them of the January 8, 2024 deadline. *See* Summers Decl. Ex. B.

On December 7, 2023, Oklahoma Firefighters filed its substantially similar action against FMC which further expanded the Class Period to February 9, 2022 through October 30, 2023 and added related allegations that FMC misrepresented the amount of product in the Company's distribution channels. *See* ¶¶1, 3-4. On the same day, BFA, as counsel for Oklahoma Firefighters, published a notice on *AccessWire* alerting investors to the expanded Class Period, the additional allegations, and reminded them of the January 8, 2024 deadline. *See* Summers Decl. Ex. C. Accordingly, Oklahoma Firefighters satisfies the PSLRA's 60-day requirement through the filing of this motion.

### 2. Oklahoma Firefighters Believes That It Has The Largest Financial Interest In The Relief Sought By The Class

Oklahoma Firefighters believes that it has the "largest financial interest in the relief sought by the Class." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). When assessing financial interest, the Third Circuit Court of Appeals considers the following three factors: "(1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs." *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001). Since *Cendant*, courts have also considered the number of net shares purchased by the movant (*i.e.*, the difference between the number of shares purchased and sold during the class period) as an indicator of financial interest.

*See, e.g.*, *City of Roseville Employees Ret. Sys. v. Horizon Lines Inc.*, 2009 WL 1811067, at *1 (D. Del. June 18, 2009).

To determine loss, courts in the Third Circuit often rely on the "first-in, first-out" or "FIFO" and the "last-in, first-out" or "LIFO" inventory accounting methods. *See In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, 2021 WL 4272654, at *2 n.4 (D.N.J. Sept. 21, 2021). Certain courts disregard losses resulting from so-called "in-and-out" transactions, which took place during the class period, but before the misconduct identified in the complaint was ever revealed to the public, when warranted. *See Christian v. BT Group PLC*, 2017 WL 3705804, at *6 (D.N.J. Aug. 28, 2017); *Reid v. Hemispherx Biopharma, Inc.*, 2010 WL 11707722, at *3 (E.D. Pa. Feb 12, 2010). This stems from the U.S. Supreme Court's decision in *Dura v. Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), which requires plaintiffs to plead "a causal connection between the material misrepresentation and the loss." *BT Group*, 2017 WL 3705804, at *4.

As set forth below, Oklahoma Firefighters has a substantial financial interest under each metric:[4]

| Shares Purchased | Net Shares Purchased | Net Expenditures | FIFO/LIFO Loss | Dura Loss (FIFO) | Dura Loss (LIFO) |
|---|---|---|---|---|---|
| 45,432 | 44,003 | $5,176,712.61 | $2,694,203.80 | $2,676,806.01 | $2,684,025.30 |

To the best of Oklahoma Firefighters' knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in this litigation. Accordingly, Oklahoma

---

[4] Oklahoma Firefighters filed its PSLRA-required Certification with its complaint. *See Oklahoma Firefighters*, ECF No. 1 at 35-38. A chart setting forth calculations of Oklahoma Firefighters' financial interest is attached as Exhibit D to the Summers Decl. Oklahoma Firefighters' PSLRA certification and financial interest calculation provide all the trading information necessary to calculate its financial interest under all possible metrics, and Oklahoma Firefighters does not presuppose that there is only one valid methodology.

Firefighters believes that it has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

**3.    Oklahoma Firefighters Satisfies The Requirements Of Rule 23**

In addition to possessing the largest financial interest in the outcome of the litigation, Oklahoma Firefighters satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as Lead Plaintiff, the movant must make only a "prima facie showing" that the movant satisfies the adequacy and typicality requirements of Rule 23(a). *See Strougo v. Unisys Corp.*, 2023 WL 4140822, at *2 (E.D. Pa. June 22, 2023). Here, Oklahoma Firefighters satisfies both requirements.

Oklahoma Firefighters' claims are typical of the claims of other purchasers of FMC common stock. "Typicality is established when the claim arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if it is based on the same legal theory." *Kanefsky v. Honeywell Int'l Inc.*, 2019 WL 936662, at *2 (D.N.J. Feb. 26, 2019). Here, Oklahoma Firefighters' and all other class members' claims arise from a comparable course of events and their legal arguments to prove Defendants' liability are substantially similar. Like all other class members, Oklahoma Firefighters: (1) purchased or otherwise acquired FMC common stock during the Class Period, (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) was damaged as a result. *Unisys*, 2023 WL 4140822, at *2 (typicality satisfied where the movant "and the putative class allege that Defendants violated the Exchange Act by failing to disclose material facts about the Company's business and operations" and the movant, "like all putative class members, purchased shares during the Class Period and suffered losses during that time"). As such, Oklahoma Firefighters is typical of the class it seeks to represent.

Oklahoma Firefighters likewise satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A movant for Lead Plaintiff must not have interests that are antagonistic to the class the movant seeks to represent, must have a sufficient interest in the outcome of the case to ensure vigorous advocacy, and must retain counsel that is capable and qualified to vigorously represent the interests of the Class. *See Ratz v. PhotoMedex, Inc.*, 2014 WL 12611308, at *1 (E.D. Pa. Feb. 12, 2014). Oklahoma Firefighters satisfies these elements because it has a substantial financial stake in the litigation, and that stake provides the ability and incentive to vigorously represent the Class' claims. Oklahoma Firefighters' interests are aligned with those of the other class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Oklahoma Firefighters and other class members. Further, Oklahoma Firefighters has significant experience serving in a fiduciary capacity in supervising the work of outside counsel and is a sophisticated institutional investor that can commit substantial resources to this litigation.

Indeed, Oklahoma Firefighters—which provides retirement benefits to thousands of current and former firefighters of the state of Oklahoma and manages approximately $3.4 billion in assets—is precisely the type of large and sophisticated institutional investor that Congress encouraged to act as Lead Plaintiff in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 733 (1995) ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Oklahoma Firefighters has further demonstrated its adequacy through its service as Lead Plaintiff and a class representative in prior securities class actions, recovering more than $330 million for investors, including a $100 million recovery in *In re Novo Nordisk Sec. Litig.*, No. 3:17-cv-00209 (D.N.J.) and a $32 million recovery in *In re Conduent, Inc. Sec. Litig.*, No. 2:19-cv-08237 (D.N.J.).

Oklahoma Firefighters has also demonstrated its adequacy through its "willingness to vigorously pursue its claims" and the significant steps it has taken to protect and advance the interests of the Class, specifically the filing of *Oklahoma Firefighters*, which expanded the Class Period and put forth related allegations that FMC misrepresented the amount of product in the Company's distribution channels. *See Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, 2010 WL 3924862, at *6 (E.D.N.Y. Aug. 17, 2010), *adopted*, 2010 WL 3909331 (E.D.N.Y. Sept. 29, 2010).

Finally, Oklahoma Firefighters has demonstrated its adequacy through its selection of BFA as Lead Counsel to represent the Class in this action. As discussed more fully below, BFA is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

**B.      Oklahoma Firefighters Selected Well-Qualified Counsel To Represent The Class**

Under the PSLRA, the Lead Plaintiff is given the right, "subject to the approval of the court," to "select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). While "the lead plaintiff's right to select and retain counsel is not absolute, the court should defer to the lead plaintiff's selection so long as that selection is reasonable." *Unisys*, 2023 WL 4140822, at *2. Here, Oklahoma Firefighters selected BFA to serve as Lead Counsel for the Class and Hangley Aronchick to serve as Liaison Counsel.

11

BFA is among the foremost securities class action law firms in the country. BFA's partners have served as Lead and Co-Lead Counsel on behalf of dozens of investors in securities class actions and have secured significant recoveries on behalf of investors in some of the most prominent fraud cases in recent decades. *See* Summers Decl. Ex. E. For example, BFA recently achieved a $420 million resolution on behalf of investors in *Ontario Teachers' Pension Plan Board v. Teva Pharms. Indus. Ltd*., No. 3:17-cv-00558 (D. Conn.). BFA also recently secured a $129 million resolution on behalf of investors in *The Police Retirement System of St. Louis v. Granite Construction Inc*., No. 3:19-cv-04744 (N.D. Cal.). Previously, BFA secured a $234 million resolution for the benefit of the class in *In re MF Global Holdings Ltd. Sec. Litig*., No. 1:11-cv-07866 (S.D.N.Y.), as well as a $120 million recovery in *Freedman v. Weatherford Int'l Ltd*., No. 1:12-cv-02121 (S.D.N.Y.). BFA also secured a $219 million resolution in *In re Genworth Fin., Inc. Sec. Litig*., No. 3:14-cv-00682 (E.D. Va.), which represents the largest securities class action recovery ever achieved in the Eastern District of Virginia.

Hangley Aronchick, a preeminent law firm in the Pennsylvania region, likewise has significant experience in complex litigation including class action and securities litigation. For example, Hangley Aronchick recently represented the Treasurer of the Commonwealth of Pennsylvania in its capacity as class representative in a massive antitrust GSE bond litigation, assisting the Treasurer and its General Counsel in overseeing class counsel's representation of the class. *In re GSA Bonds Antitrust Litig*., No. 19-cv-1704 (S.D.N.Y.). In approving a $386.5 million settlement in that matter, the Court commended the Pennsylvania Treasury for its "excellent job in its role as class representative" and noted that "Pennsylvania Treasury was involved at every step of the litigation ensuring that the litigation was client-driven and protected the interests of the class." *In re GSA Bonds Antitrust Litig.*, 2020 WL 3250593, at *6 (S.D.N.Y. June 16, 2020).

12

Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Oklahoma Firefighters' selection of BFA as Lead Counsel for the Class.

**C.      Consolidation Of All Related Actions Is Warranted**

There are three Related Actions pending in this District against Defendants:

| Case | Civil No. | Date Filed |
|---|---|---|
| *Heeg v. FMC Corp.* | 2:23-cv-04398 | November 9, 2023 |
| *Employer-Teamsters Local Nos. 175 & 505 Health & Welfare Fund v. FMC Corp.* | 2:23-cv-04487 | November 14, 2023 |
| *Oklahoma Firefighters Pension and Retirement System v. FMC Corp.* | 2:23-cv-04842 | December 7, 2023 |

These actions present substantially similar factual and legal issues because they allege the same legal claims relating to substantially similar periods of time, against the same defendants, and allege similar types of misrepresentations. Rule 42(a) grants broad discretion to consolidate cases that involve common questions of law or fact, as here. *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007). While the cases assert different class periods, and *Oklahoma Firefighters* asserts overlapping misrepresentations relating to FMC's inventory, these differences do not render consolidation inappropriate because such "differences do not outweigh the interests of judicial economy served by consolidation." *Id*. Indeed, "[g]iven the overlapping questions of law and fact presented . . . litigating a multitude of separate actions would only ensure the duplication of effort amongst parties and the endless expenditure of judicial resources." *Id*. at 92.

## CONCLUSION

For the reasons discussed above, Oklahoma Firefighters respectfully requests that the Court: (1) appoint it to serve as Lead Plaintiff; (2) approve its selection of BFA as Lead Counsel for the Class; (3) consolidate all related actions pursuant to Rule 42(a); and (4) grant any such further relief as the Court may deem just and proper.

13

Dated:  January 8, 2024

Respectfully Submitted,

**HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER**

*/s/ John S. Summers*
John S. Summers
Michael J. Masciandaro
One Logan Square, 27th Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 568-6200
Facsimile:  (215) 568-0300
jsummers@hangley.com
mmasciandaro@hangley.com

*Liaison Counsel for Proposed Lead Plaintiff Oklahoma Firefighters Pension and Retirement System*

**BLEICHMAR FONTI & AULD LLP**

Javier Bleichmar (*pro hac vice* forthcoming)
7 Times Square, 27th Floor
New York, New York 10036
Telephone: (212) 789-1340
Facsimile:  (212) 205-3960
jbleichmar@bfalaw.com

-and-

Nancy A. Kulesa (*pro hac vice* forthcoming)
75 Virginia Road
White Plains, New York 10603
Telephone: (914) 265-2991
Facsimile: (212) 205-3960

*Counsel for Proposed Lead Plaintiff Oklahoma Firefighters Pension and Retirement System and Proposed Lead Counsel for the Class*

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 8, 2024, I caused a true and correct copy of the foregoing to be filed using the Court's Electronic Filing System ("ECF System").  The document is available for viewing and downloading via the ECF System and will be served by operation of the ECF System upon all counsel of record.

/s/ *John S. Summers*
John S. Summers

15