IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS J. HEEG, Individually and on Behalf of All Others Similarly Situated,<br>　　　　　*Plaintiff*,<br>　　v.<br>FMC CORPORATION, MARK A. DOUGLAS, and ANDREW D. SANDIFER,<br>　　　　　*Defendants*. | CIVIL ACTION<br>NO. 23-4398 |
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br>　　　　　*Plaintiff*,<br>　　v.<br>FMC CORPORATION, MARK A. DOUGLAS, and ANDREW D. SANDIFER,<br>　　　　　*Defendants*. | CIVIL ACTION<br>NO. 23-4842 |

## ORDER

**AND NOW,** this **9th** day of **May, 2024**, upon consideration of the Motion of Ruth Asset Management AB for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel (ECF No. 10 in Civ. A. No. 23-4398), Motion of Oklahoma Firefighters Pension and Retirement System for Appointment as Lead Plaintiff, Approval of Its Selection of Lead Counsel, and Consolidation of the Related Actions (ECF No. 12 in Civ. A. No. 23-4398), Oklahoma Firefighters Pension and Retirement System's Corrected Withdrawal in Support of Ruth Asset Management AB's Motion for Lead Plaintiff Appointment (ECF No. 14), Memorandum of Law in Further Support of the Motion of Ruth Asset Management AB for

Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel (ECF No. 15 in Civ. A. No. 23-4398), and the Reply Memorandum of Law in Further Support of the Motion of Ruth Asset Management AB for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel (ECF No. 16 in Civ. A. No. 23-4398), it is hereby **ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1.  The above-captioned cases ("Related Actions")[1] are hereby **CONSOLIDATED** pursuant to Fed. R. Civ. P. 42(a) and 15 U.S.C. 78u-4(a)(3)(B)(ii)[2] under the new title: "*In re FMC*

---

[1] The Related Actions are: *Thomas J. Heeg v. FMC Corporation, Mark A. Douglas, and Andrew D. Sandifer*, Civil Action No. 23-4398 (filed Nov. 9, 2023); and *Oklahoma Firefighters Pension and Retirement System v. FMC Corporation, Mark A. Douglas, and Andrew D. Sandifer*, Civil Action No. 23-4842 (filed Dec. 7, 2023). On November 14, 2023, another Related Action, *Employer-Teamsters Local Nos. 175 & 505 Health & Welfare Fund v. FMC Corporation, Mark A. Douglas, and Andrew D. Sandifer*, Civil Action No. 23-4487, was filed. Because the plaintiff in that action voluntarily dismissed its claims pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) without prejudice to its ability to participate in this Consolidated action as an absent class member, *see* ECF No. 11 in Civ. A. No. 23-4487, *Employer-Teamsters* is no longer a Related Action.

The Related Actions are securities fraud putative class actions brought under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), against FMC Corporation ("FMC") and two of its executive officers (collectively, "Defendants") on behalf of persons and entities that purchased or acquired FMC common stock between February 9, 2022 and October 30, 2023. FMC is an agricultural sciences company and chemical manufacturer specializing in the production of patented crop protection products. Plaintiffs allege that intellectual property and patent protections are a critical component of FMC's business, particularly when it comes to generating earnings and maintaining market share in key markets abroad. They contend that Defendants misled investors by making false and misleading representations and omissions about the status of legal proceedings in key markets involving the FMC's patents, including misrepresentations in its statements concerning legal defeats in India, China, and Brazil regarding the intellectual property protections for key compounds and intermediaries manufactured by FMC and the competition it would face from generic products in those markets. Plaintiffs allege that they purchased FMC common stock at prices artificially inflated by Defendants' materially false and misleading statements, such that when the truth about FMC's misrepresentations was revealed between July and October 2023, the value of FMC's stock significantly declined, causing the investors' losses.

[2] Under Rule 42(a), consolidation of actions before the court is appropriate where the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a); *see also Patel v. Coinbase Glob., Inc.*, Nos. 22-4915 (BRM) (LDW), 2022 WL 17582549, at *2 (D.N.J. Dec. 12, 2022) ("Consolidation is routinely granted where securities class actions involve common questions of law and fact, and consolidation will promote efficiency and avoid unnecessary costs or delay."). Here, the Related Actions

*Corporation Securities Litigation*," Civil Action No. 23-4398 (the "Consolidated Action").

2. *Heeg v. FMC Corporation, et al.*, Civil Action No. 23-4398, shall be the "Lead Case" of the Consolidated Action.

3. The Consolidated Action shall bear the following caption:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| *IN RE* **FMC CORPORATION SECURITIES LITIGATION** | **CIVIL ACTION** |
|---|---|
| **This Document Applies To:** ["All Actions" or list specific action] | **NO. 23-4398** |

4. All documents filed in the Consolidated Action shall be filed under the Lead Case number. When a pleading is intended to apply to all actions to which this Order applies, the words "ALL ACTIONS" shall appear under the words "This Document Applies To:" in the caption. When a pleading is not intended to apply to all actions, the last name of the first-named plaintiff in and docket number for each individual action to which the document is intended to apply shall appear under the words "This Document Applies To:" in the caption.

5. Pursuant to Local Rule 40.1(V), all cases related to Civil Action No. 23-4398, the Lead Case, filed before, on the same date of, or after the docketing of this Order shall be consolidated with and placed on the docket of the Lead Case.

6. For each new case that is consolidated with the Consolidated Action, a party may

---

assert similar claims under the federal securities laws on behalf of investors against the same defendants relating to substantially the same conduct during overlapping class periods. Thus, the Related Actions involve common questions of law or fact and, therefore, should be consolidated.

object to consolidation, or to any provision of this Order, within ten (10) days after a copy of this Order is served on counsel for such party filing an application for relief, and this Court may deem it appropriate to grant such application.

7. Nothing in the foregoing shall be construed as a waiver of Defendants' right to object to consolidation of any subsequently filed or transferred related action.

8. The Clerk of Court is **DIRECTED** to transfer all parties to the docket of the Lead Case who appear in any and all related cases filed before, on the same date of, or after the docketing of this Order.

9. The Clerk of Court is **DIRECTED** to add all counsel to the docket of the Lead Case who have or will have entered a notice of appearance in any and all of the related cases filed before, on the same date of, or after the docketing of this Order.

10. The Clerk of Court shall mark any and all related cases subject to this Order, filed before, on the same date of, or after the docketing of this Order, with the flag "23-4398-KNS."

11. The Clerk of Court shall mark **CLOSED** for statistical purposes any and all cases that have been designated related to Civil Action No. 23-4398 and that shall henceforth be designated related to and consolidated with the Lead Case.

12. The parties are instructed to file all documents relevant to any case that has been and will be henceforth designated related and consolidated with Civil Action No. 23-4398 only on the docket of Civil Action No. 23-4398.

13. Pursuant to 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B) ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995, Ruth Asset Management AB is **APPOINTED** to serve as Lead Plaintiff in the Consolidated Action

and any subsequently filed or transferred actions that relate to the Consolidated Action.[3]

---

[3] The PSLRA requires district courts to consider all motions made by putative class members in response to the class action notice and to appoint the "most adequate plaintiff" among the movants. *See* 15 U.S.C. § 78u-4 (a)(3)(B)(i); Section 21D(a)(3)(B)(iii) of the Exchange Act; *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) (describing the PSLRA's process for selecting a lead plaintiff). The PSLRA sets a rebuttable presumption that the most adequate plaintiff is the person or group of people who (1) has either filed the complaint or made a timely motion in response to the class action notice, (2) has the largest financial interest in the relief sought by the class, and (3) otherwise satisfies the requirements set for class actions at Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78-4 (a)(3)(B)(iii). For the following reasons, the Court finds that the plaintiff, Ruth Asset Management ("Ruth") satisfies the requirements for appointment as Lead Plaintiff.

First, any putative member of the class may move for appointment as lead plaintiff within sixty days of the publication of notice that the first action has been filed. *See id.* § 78u-4(a)(3)(A)(i)(II). Here, notice of the filing of the *Heeg* action—the first-filed of the Related Actions—was published in *Globe Newswire* on November 9, 2023, alerting investors to the pendency of the action and informing them of the January 8, 2024 deadline to seek appointment as Lead Plaintiff. Because Ruth filed its motion on January 8, 2024, *see* ECF No. 10, it was timely.

Second, the "most adequate plaintiff" is the movant with "largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cendant*, 264 F.3d at 263. Here, Ruth suffered losses of approximately $7,331,001.13 in connection with its Class Period transactions in FMC common stock. *See* Memo of Law in Support of Ruth's Motion (ECF No. 10–1 at 2, 8). Additionally, it has more than $5 billion in assets under management. *Id.* at 2, 10. The only other movant seeking Lead Plaintiff appointment—Oklahoma Firefighters— has a smaller financial interest in this litigation. On that basis, it has withdrawn its motion seeking appointment as Lead Plaintiff. *See* Oklahoma Firefighters Pension and Retirement System's Corrected Withdrawal in Support of Ruth Asset Management AB's Motion for Lead Plaintiff Appointment (ECF No. 14). Because Ruth has triggered the PSLRA's rebuttable presumption, and no evidence has been presented to rebut the presumption that it is the most adequate plaintiff, it has satisfied the requirements for appointment as Lead Plaintiff.

Third, Ruth also satisfies the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the lead plaintiff stage, movants need to make only a "prima facie showing of typicality and adequacy." *Cendant,* 264 F.3d at 263. Ruth satisfies the typicality requirement because, just like all other putative class members, it seeks recovery for the losses on its investments in FMC common stock that it incurred as a result of Defendants' alleged misrepresentations and omissions. Similarly, Ruth has made an adequate showing that, given its substantial financial losses, it will fairly and adequately protect the class's interests because its interests in pursuing claims against Defendants are aligned with class members who were similarly harmed by Defendants' alleged misconduct.

In addition to satisfying the typicality and adequacy requirements, Ruth is a highly sophisticated institutional investor with more than $5 billion in total assets under management, making it the prototypical lead plaintiff Congress sought to encourage to lead securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34, reprinted in 1995 U.S.C.C.A.N. at 733 ("[I]ncreasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."); *Cendant*, 264 F.3d at 273 (finding that "the purpose of the [PSLRA] was to encourage institutional investors to serve as lead plaintiff").

14. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), Ruth Asset Management AB's selection of Kessler Topaz Meltzer & Check, LLP as Lead Counsel for the class is **APPROVED**.[4] Lead Counsel shall have the authority to speak for all plaintiffs and class members in all matters regarding the litigation, including, but not limited to, pre-trial proceedings, motion practice, trial, and settlement. Additionally, Lead Counsel shall have the following responsibilities:

　　a. To brief and argue motions;

　　b. To initiate and conduct discovery, including, but not limited to, coordination of discovery with defendants' counsel, and the preparation of written interrogatories, requests for admissions, and requests for production of documents;

　　c. To direct and coordinate the examination of witnesses in depositions;

　　d. To act as spokesperson at pretrial conferences;

　　e. To initiate and conduct any settlement negotiations with defendants' counsel;

　　f. To be the contact among plaintiffs' counsel and to direct and coordinate the activities of plaintiffs' counsel;

　　g. To consult with and employ experts; and

　　h. To perform such other duties as may be expressly authorized by further order of this Court.

15. No motions, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff without the approval of Lead Counsel.

　　　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　_Kai N. Scott_
　　　　　　　　　　　　　　　　　　　HON. KAI N. SCOTT
　　　　　　　　　　　　　　　　　　　United States District Court Judge

---

[4] The Court approves of Ruth's selected lead counsel, Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz"), which specializes in prosecuting complex class action litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* ECF No. 10–1 at 11. Thus, Ruth has provided sufficient evidence that Kessler Topaz will adequately represent and protect the interests of the putative class.