Exhibit 28

Federal Appeal Court of the 1st
Region
PJe - Electronic Judicial Process

a

07/21/2023

# Number: **1056475-07.2022.4.01.3400**

Class: **COMMON CIVIL PROCEDURE**

Judging Body: **1st Federal Civil Trial Court of the SJDF**

Last assignment: **08/29/2022**

Amount in Dispute: **BRL 1,000.00**

Topics: **Company Registration**

In camera proceeding? **NO**

Legal aid? **NO**

Request for a preliminary injunction or interlocutory relief? **YES**

| Parties | Attorney/Linked Third Party |
|---|---|
| **RAINBOW DEFENSIVOS AGRICOLAS LTDA (PLAINTIFF)** | **BRUNO DE SOUZA CARDOSO (ATTORNEY)** |
| **NATIONAL HEALTH SURVEILLANCE AGENCY - ANVISA (DEFENDANT)** | |
| **BRAZILIAN INSTITUTE OF THE ENVIRONMENT AND RENEWABLE NATURAL RESOURCES - IBAMA (DEFENDANT)** | |
| **FEDERAL UNION (DEFENDANT)** | |

| Documents | | | |
|---|---|---|---|
| ID | Date of Signature | Document | Type |
| 1320099277 | 09/16/2022 2:08 p.m. | Decision | Decision |



**JUDICIARY**
**FEDERAL COURTS**
**Federal District Judiciary Section**
1st Federal Civil Trial Court of the SJDF

---

**CASE: 1056475-07.2022.4.01.3400**
**CLASS: COMMON CIVIL PROCEDURE (7)**
**PLAINTIFFS: RAINBOW DEFENSIVOS AGRICOLAS LTDA**
**PLAINTIFF REPRESENTATIVES: BRUNO DE SOUZA CARDOSO - SP206583**
**DEFENDANTS: NATIONAL HEALTH SURVEILLANCE AGENCY - ANVISA and others**

**DECISION**

This is a lawsuit filed under the common procedure by **RAINBOW DEFENSIVOS AGRÍCOLAS LTDA** against the **NATIONAL HEALTH SURVEILLANCE AGENCY – ANVISA** and the **BRAZILIAN INSTITUTE OF THE ENVIRONMENT AND RENEWABLE RESOURCES – IBAMA**, with the following meritorious requests:

> *a)* ***interlocutory relief****, **on an urgent basis and regardless of Defendants' hearing or holding a conciliation or mediation hearing**, so that as long as this claim is not judged, with the latter being compelled, within thirty (30) days or such other reasonable time as may be fixed by your Honor, to perform toxicological and environmental evaluations of the equivalent technical product **CLORANTRANILIPROLE TÉCNICO RAINBOW** , either to complete the technical assessments, with the issuance of the registration certificate by the MAPA, or to request clarification and/or additional information, underscoring that, in the latter case, the same deadline must be observed, from compliance with the requirement [MAPA case No. 21000.041549/2019-42; IBAMA case no. 02001.017562/2019-26; and ANVISA case no. 25351.356261/2019-05];*
>
> *(...)*



Electronically signed by: SOLANGE SALGADO DA SILVA - 09/16/2022 2:08:59 P.M.
https://pje1g.trf1.jus.br:443/pje/Processo/ConsultaDocumento/listView.seam?x=22091610425095500001308919959
Document number: 22091610425095500001308919959

No. 1320099277 - Page 1

*d) the **validity** of the request, confirming the decision granting interlocutory relief, excluding the application to the case of the provisions imposed by the new Decree No. 10.833/21 regarding the deadlines for analyzing the registration request in question, specifically those that changed the 120 (one hundred and twenty) day deadline established in the original wording of article 15 of Decree 4.074/02, maintaining, for this case, the application of this original wording, ordering the Defendants, within 30 (thirty) days or another reasonable period that may be set by Your Honor, to analyze the request for evaluation of the equivalent technical product **CLORANTRANILIPROLE TÉCNICO RAINBOW**, either to conclude the technical evaluations, with the issuance of the registration certificate by MAPA, or to request clarifications and/or additional information, emphasizing that, in the latter case, the same deadline must be respected, counting from the fulfillment of the requirement [MAPA case No. 21000.041549/2019-42; IBAMA case no. 02001.017562/2019-26; and ANVISA case no. 25351.356261/2019-05];*

It also requested that the case be handled in camera, on the grounds that the action involves commercial information of a confidential and strategic nature.

It states that this action seeks that the defendants, within the limits of their competence, be compelled to undertake the evaluation of the equivalent technical product CLORANTRANILIPROLE TÉCNICO RAINBOW, either to request clarification and/or additional information, pr to complete the technical assessments and forward their result to the MAP, for issuance of the registration certificate, object of MAPA case 21000.041549/2019-42; IBAMA, No. 02001.017562/2019-26; and ANVISA No. 25351.356261/2019-05, file No. 0543732/19-9, which says it was filed on 06/18/19 and that they have been awaiting analysis for 3 years and 2 months.

It clarifies that, pursuant to the terms of Art. 10 of Decree 4.074/02, in order to obtain the registration of any equivalent technical product in Brazil, the applicant must request from ANVISA its toxicological analysis, from IBAMA, the assessment of the potential for environmental danger, and from MAPA, the agronomic efficiency assessment and the issuance of the registration certificate.

It alleges that, following this administrative process, it asked MAPA, IBAMA and ANVISA to register the aforementioned product, however, after 3 years and 2 months, the analyses have not even been started, which it states constitutes a delay subject to dismissal by the Judiciary, since it violates the principles of efficiency, morality and the reasonable duration of administrative process.

Electronically signed by: SOLANGE SALGADO DA SILVA - 09/16/2022 2:08:59 P.M.
https://pje1g.trf1.jus.br:443/pje/Processo/ConsultaDocumento/listView.seam?x=22091610425095500001308919959
Document number: 22091610425095500001308919959

No. 1320099277 - Page 2

It also upholds the unenforceability of the new evaluation deadlines established by decree 10.833/2021 – which may vary from 6 (six) months [for priority category] to 24 (twenty-four) months [for ordinary category] –, based on the argument that the registration request was filed during the validity of the original wording of the aforementioned provision, which provided for the period of 120 days for the completion of the procedure.

It filed the initial complaint with documents, including power of attorney (ID 1293628252) and proof of payment of procedural costs (ID 1293615288).

The records were submitted to the Judge.

This is the required report.

**Grounds and decision.**

## *1. Preliminary matters*

### *1.1 The value assigned to the case*

It is noted that the value attributed in the initial complaint is not relevant to the economic benefit sought by the plaintiff, which consists of the intention to compel Defendants ANVISA and IBAMA to carry out assessments under their responsibility, with a view to finalizing the process and subsequent issuance of the registration certificate by MAPA.

And, with regard to the amount in dispute, it must correspond to the economic content sought with the claim. In this case, the plaintiff is not seeking the judicial granting of registration of said product, but only to eliminate the administrative delay resulting from the inertia in analyzing said request.

Thus, in Article 292, § 3, of the Code of Civil Procedure, it is necessary to automatically correct the amount in dispute to BRL 1,000.00 (one thousand Brazilian reals). Therefore, this new amount in dispute should be noted.

### *1.2 The request to handle the case in camera*


Electronically signed by: SOLANGE SALGADO DA SILVA - 09/16/2022 2:08:59 P.M.
https://pje1g.trf1.jus.br:443/pje/Processo/ConsultaDocumento/listView.seam?x=22091610425095500001308919959
Document number: 22091610425095500001308919959

No. 1320099277 - Page 3

The analysis of the need or not to handle in camera is based on the analysis of Art. 5, LX, of the Brazilian Constitution, and Art. 189 of the Code of Civil Procedure. I hereby transcribe them:

<u>Brazilian Constitution:</u>

*Art. 5 All are equal before the law, without distinction of any nature, guaranteeing Brazilians and foreigners residing in the Country the inviolability of the right to life, freedom, equality, security and property, in the following terms:*

*(...)*

*LX - the law may only restrict the publicity of procedural acts when the defense of intimacy or social interest requires it;*

<u>Code of Civil Procedure:</u>

*Art. 189. Procedural acts are public, however the following cases are handled in camera:*

*I - when required by public or social interest;*

*II - when dealing with marriage, separation of bodies, divorce, separation, stable union, filiation, alimony and custody of children and adolescents;*

*III - when featuring data protected by the constitutional right to intimacy;*

*IV- when referring to arbitration, including compliance with an arbitration letter, provided that the confidentiality stipulated in the arbitration is proven before the court.*

*§ 1 The right to consult the case files that are handled in camera and to request certificates of its acts is restricted to the parties and their attorneys.*

And the PRESI Ordinance – 8016281 – of the TRF of the 1st Region, which *Governs procedures related to Electronic Judicial Process – PJe system within the scope of the Federal Court of the 1st Region*, sets forth the following (bolding added):


Electronically signed by: SOLANGE SALGADO DA SILVA - 09/16/2022 2:08:59 P.M.
https://pje1g.trf1.jus.br:443/pje/Processo/ConsultaDocumento/listView.seam?x=22091610425095500001308919959
Document number: 22091610425095500001308919959

*CHAPTER V*

*OPERATION OF THE PJe*

*Section I*

*Assignment procedure, evaluation of the fine and prevention*

*(...)*

*Art. 24. When there is an express request, the indication that the electronic case is subject to in-camera proceedings <u>must be included</u>:*

*<u>I - at the time of filing, by indication of the attorney or attorney-in-fact</u>;*

*II – at the time of transmission, when it is an appeal filed in the first instance, by the court of origin;*

*III       – by determination of the judge of the case.*

*Art. 25. The request for a proceedings in camera or document secrecy made by the attorney <u>will be submitted for review by the judge of the case, remaining valid until a court decision to the contrary.</u> (highlighting added)*

In this case, the hypotheses that give rise to the decree of of *full* in-camera proceedings are not met (Art. 5, LX, of the Brazilian Constitution combined with Art. 189 of the Code of Civil Procedure[1]), because the plaintiff itself states in the initial complaint that, "*In the case at hand, handling in camera is justified, since, in order to prove the Plaintiff's allegations, documents submitted to the Ministry of Agriculture, Livestock and Food Supply - MAPA [docs. 5/6], to the Brazilian Institute of the Environment and Renewable Natural Resources - IBAMA [docs. 7/8] and to the National Health Surveillance Agency - ANVISA [docs. 9/10], are being presented, in order to obtain the registration of the equivalent technical product, CLORANTRANILIPROLE TÉCNICO RAINBOW*".

Therefore, and in accordance with Art. 169 of Law 11.101/05[2], only documents numbered 05-10 (id's. 1293628255 to 1293628268) must be kept confidential, which is why the aforementioned adjustment determined below is required in order to rule out the confidentiality of other documents, including the initial complaint.

**2.       The merits of the request for provisional urgent relief, of an interlocutory/satisfactory nature, formulated on an incidental basis**



Regarding the request for interlocutory relief, the request for early relief (technically, provisional bringing forward of the final effects of definitive relief), as a form of provisional urgent relief, pursuant to Article 300 of the Code of Civil Procedure, is a protective measure of the legal asset protected by Law, with the function of ensuring the effective fulfilment of the judicial function and has as prerequisites *elements that demonstrate the probability of the right and the danger of damage or the risk to the useful result of the process*, arising from the failure to grant the measure.

In a cursory analysis, specific to this phase of summary cognition, **I note** the satisfaction of both the aforementioned requirements.

The Brazilian Constitution has enshrined the principles of efficiency, reasonableness and, by virtue of Constitutional Amendment No. 45/2004, which included item LXXVIII in Art. 5 of the Brazilian Constitution/88, the right to speedy processing and reasonable duration of the proceedings.

Art. 49 of Law No. 9.784/99, which governs the administrative process within the scope of the Executive Branch of the Union, has established a period of 30 (thirty) days, extendable for one time, so that the Administration can issue a decision in administrative processes.

In this case, the plaintiff's claim aims to compel IBAMA and ANVISA to carry out the toxicological and environmental evaluations of the equivalent technical product CLORANTRANILIPROLE TÉCNICO RAINBOW, either to request clarifications and/or additional information, or to complete the technical evaluations and forward their results to MAPA, for issuance of the registration certificate, whose request is the object of MAPA cases no. 21000.041549/2019-42 (ID 1293628255); IBAMA No. 02001.017562/2019-26 (ID 1293628260); and ANVISA No. 25351.356261/2019-05, file No. 0543732/19-9 (ID 1293628266 combined with ID
1293628268).

Law No. 7.802/1989, that provides for the research, experimentation, production, packaging and labeling, transportation, storage, marketing, commercial advertising, use, import, export, final destination of waste and packaging, registration, classification, control, inspection and monitoring of pesticides, their components and the like, and contains other provisions, establishes, in its Art. 9, that the Federal Union will adopt measures for the purpose of "*legislating on production, registration, interstate trade, export, import, transportation, technology and toxicological classification and control*", *verbatim*:

> *Art. 9 In exercising its powers, the Federal Union shall adopt the following measures:*
>
> *I – Legislate on production, registration, interstate trade, export, import, transportation, classification and technological and toxicological control;*



Thus, the matter of registration of agricultural pesticides is governed by specific legislation, namely Law No. 7.802/1989[3] and its regulatory Decree No. 4.074/2002[4], in which specific powers are assigned to the Ministry of Agriculture, Livestock and Supply – MAPA, the Ministry of the Environment – MMA and the Ministry of Health – MS.

Despite the powers of MMA and MS set forth in Decree No. 4.074/2002, the responsibilities for evaluating agricultural pesticides were delegated, by virtue of Decree No. 6.099/2007 (this was revoked and replaced by Decree No. 8.973/2017, which maintained said power – item VIII of Art. 2) and No. 3.029/1999, respectively, to the Brazilian Institute of Environment of Renewable Natural Resources – IBAMA and the National Health Surveillance Agency – ANVISA.

In this context, obtaining registration of any equivalent technical product depends on prior analysis and approval by MAPA, IBAMA and ANVISA, respectively, regarding aspects of agronomic efficacy, environmental and health safety.

Thus, in order to obtain the registration of the equivalent technical product mentioned above, the plaintiff applied to the MAPA, IBAMA and ANVISA to analyze the product, as reported in the initial complaint.

The body responsible for providing the registration of pesticides in Brazil is the Ministry of Agriculture, Livestock and Supply (Mapa). <u>Anvisa is only responsible for the Toxicological Assessment of the product.</u>

In this case, it is important to highlight that the plaintiff's application was submitted to MAPA, IBAMA and ANVISA on **6/18/<u>2019</u>** (IDs. 1293628255, 1293628260 and 1293628266, respectively).

Thus, this is the wording ***originating*** from Art. 15 of Decree No. 4.074, of 04/01/2002, which governs Law No. 7.802/89, and provides for the registration of pesticides and their components, whose wording originating from this article determined that the registration should be granted within a maximum period of 120 (one hundred and twenty) days, from the date of submission of the application. It is seen:

> ***Art. 15. The competent federal bodies must carry out the technical-scientific assessment, for purposes of registration or reassessment of registration, within a period of up to one hundred and twenty days, counting from the date of the respective filing.***
>
> *<u>§ 1 The counting of the term will be suspended if any of the evaluating bodies requests, in writing and with justification, additional documents or information, restarting from the moment the requirement is met, plus thirty days.</u>*



Electronically signed by: SOLANGE SALGADO DA SILVA - 09/16/2022 2:08:59 P.M.
https://pje1g.trf1.jus.br:443/pje/Processo/ConsultaDocumento/listView.seam?x=22091610425095500001308919959
Document number: 22091610425095500001308919959

*§ 2 Failure to comply with supplementary requests within 30 days will result in archiving of the case and rejection of the request by the body in charge of registration, unless a technical justification is formally presented and considered valid by the requesting body, which may grant an additional period, followed, obligatorily, by communication to the other bodies for the appropriate measures.*

*§ 3 When any body establishes restrictions on the registrant's request, it must notify the other federal bodies involved.*

*§ 4 The federal agency in charge of registration will have up to 30 days, counting from the availability of the results of the evaluations of the federal agencies involved, to grant or deny the applicant's request. (highlighting added)*

And the toxicological assessment is the procedure performed by Anvisa for assessing the risk to human health resulting from exposure to the substance under analysis within the period established in Art. 15, *introductory clause*, of Regulatory Decree No. 4.074/2002 (120 days), it being one of the mandatory steps in the pesticide registration process. The result of the toxicological assessment is published in the Official Federal Gazette (DOU) and, after publication in the DOU, ANVISA issues electronic communication to the company and the Ministry of Livestock Agriculture and Supply (Mapa) sends an official letter to the company[5].

On the other hand, I acknowledge that the matter is not simple to resolve and demands from the judge a careful analysis of each case.

This is because the increase in requests to IBAMA and ANVISA is undeniable, in contrast to the reduced number of employees.

And there is another complicating factor: the growing number of lawsuits, with requests granted, which brings losses to those administered who do not seek help from the Judiciary, because, in the intention of complying with judicial decisions, the regulatory agency will give priority to requests that are the subject of legal actions, to the detriment of the chronological order of other cases and the principle of equality.

Therefore, the judgment of requests such as that made in the proceedings requires the judge to carefully analyze the specific case, based on the principles of reasonableness and proportionality.

**Based on these precepts, I examine this case.**

In this case, it is verified that the plaintiff party filed a request for registration of the equivalent technical product CLORANTRANILIPROLE TÉCNICO RAINBOW before MAPA, IBAMA and ANVISA on 0**6/18/2019** (IDs 1293628255, 1293628260 and 1293628266, respectively). However, after more than 3 (three) years from the date of filing the claim, no final



decision has been made by the defendant party, thus preventing MAPA from continuing the analysis of the pesticide registration request. In other words, according to the determination of Art. 15, *caput*, of Regulatory Decree No. 4.074/2002, in its *original* wording applicable here, the competent federal bodies have 120 (one hundred and twenty) days for the technical-scientific evaluation of agricultural products, but more than 3 years have passed since the aforementioned filing.

And even considering the provision for suspension of the period provided for in Art. 15, §1, of Decree No. 4.074/2002, and the complexity and importance of the analysis in question – since it involves technical-scientific analysis, which encompasses the assessment of the risk to human health from exposure to the substance that makes up the pesticide –, it is not reasonable that the defendants have not yet analyzed the administrative claim of the plaintiff party and it remains evident if it is an excessive delay requiring prompt elimination by the Judiciary.

However, it is clear that the plaintiff party, regardless of whether it succeeds in the aforementioned claim formulated in the administrative sphere, has the right to its review, which must occur within the period established by law, or, failing that, within a reasonable and sufficient period for analysis and judgment, under penalty of injury to the principle of administrative efficiency, as well as the right of the interested party, in addition, ANVISA and IBAMA committing abuse of power vested in the form of omission.

Thus, ANVISA and IBAMA have been omissive, to the detriment of the right of the plaintiff company to have its request assessed within a reasonable time.

According to the "*case-law guidance based on this honorable Regional Court t*that the omission, or excessive delay of the public administration, characterizes an illegal act, and the analysis of the request must be carried out, in accordance with the principles of efficiency and reasonable guarantee of the process", (REO 0008841-13.2014.4.01.3400 / DF, Rapporteur FEDERAL APPELLATE JUDGE CARLOS MOREIRA ALVES, Invited Rapporteur FEDERAL JUDGE MARCELO VELASCO NASCIMENTO ALBERNAZ (INV.), FIFTH PANEL, e-DJF1 of 10/23/2017).

In addition, "*The case-law understanding of this Court is that 'it is the responsibility of the Public Administration to examine and decide on the requests submitted to it for consideration, within the legal term, under penalty of violating the principles of efficiency, morality and reasonable duration of the process, as established by Law No. 9,784/99 and the provisions inserted in articles 5, item LXXVIII and 37, caput, of the Federal Constitution, which guarantees everyone the right to speed in the processing of administrative procedures.*" (AMS 0002440-66.2012.4.01.3400, FEDERAL APPELLATE JUDGE NEVITON GUEDES, TRF1 – FIFTH PANEL, e- DJF1 01/28/2015 PAGE 1202).

In view of the facts set forth, it is reasonable and necessary to set a deadline for the completion of the analysis of the request of the plaintiff party, since the legal period of one hundred and twenty days for the analysis of the product to be carried out has already ended.

And to set this deadline, it is necessary to set some inevitable premises, namely:

**1)  The technical complexity involved in the toxicological analysis of an equivalent technical product and the care with which the matter must be treated, including from an environmental perspective, cannot be ignored.**

**2)  Notwithstanding the fact that the plaintiff's request was filed with MAPA, IBAMA and ANVISA on 06/18/2019 (IDs 1293628255, 1293628260 and 1293628266, respectively), it is noted that, prior to the filing of this lawsuit, Brazil as a whole (including public services) was hit by the notorious public calamity of a health and economic nature resulting from the pandemic caused by the new coronavirus (Sars-CoV-2, causing the current COVID-19 pandemic) declared by the WHO on <u>11 March 2020</u>, which affected the way of providing various public services and, in other cases where it is not possible to provide them remotely / at a distance, they were temporarily suspended due to the recommended social isolation.**

**3)  And such scenario requires <u>the application, among other things, of the Fundamental Rule of Civil Procedure inserted in Art. 8</u> (*When applying the legal system, the judge will meet the social purposes and requirements of the common good, safeguarding and promoting the dignity of the human person and observing proportionality, reasonableness, legality, publicity and efficiency*) and LINDB Art. 20, with the wording included by Law 13.655/2018 (*In the administrative, controlling and judicial spheres, no decision will be made based on abstract legal values without considering the practical consequences of the decision*). In order to comply with the aforementioned article 20, of the Introductory Law for Brazilian Legal Provisions, I consider that my decision does not generate practical consequences harmful to the public good, since below the conclusion of the administrative claim in question will be determined within a reasonable period of time that already considers the current pandemic scenario.**

**4)  And, in cases such as this, and despite the undeniable delay, it is strictly true, however, that coping with the public health emergency of international magnitude, caused by the COVID-19 pandemic, requires the modulation of the effects of what is considered a reasonable time frame, especially when the fact finding within the scope of the Union and the two defendant authorities requires the performance of acts that do not permit compliance through the remote channels provided by the defendants.**

Therefore, and considering that it is undeniable that the plaintiff party needs the registration to exercise its activities, the plaintiff's claim must be granted already at the beginning of the dispute.



Lastly, I emphasize that the plaintiff party does not question the merits of the request made in the administrative context, but only the omission of ANVISA and IBAMA in examining its request.

In light of the foregoing:

**l) I rectify the amount in dispute to BRL 1,000.00 (one thousand Brazilian reals), pursuant to Art. 292, §§ 2 and 3, of the Code of Civil Procedure. To be noted.**

**ll) I hereby grant, in part, the request to handle the case through proceedings in camera, such that only the document numbers 05-10 (IDs 1293628255 to 1293628268) will be handled in camera.**

**lll) With the legal requirements met, I hereby GRANT the request for urgent interim relief of an incidental early nature to order ANVISA and IBAMA, <u>within a maximum period of 30 (thirty) *business* days</u>, from the notification of this decision *via the System*, to carry out the toxicological and environmental evaluations of the equivalent technical product CLORANTRANILIPROLE TÉCNICO RAINBOW, object of administrative proceedings MAPA No. 21000.041549/2019-42 (ID 1293628255); IBAMA No. 02001.017562/2019-26 (ID 1293628260); and ANVISA No. 25351.356261/2019-05, file No. 0543732/19-9 (ID 1293628266 combined with ID 1293628268).**

**I further determine, and from now on, that, if there is any requirement during the aforementioned administrative process, the analysis of compliance with said requirement be carried out within the same aforementioned period, starting from its effective compliance by the plaintiff.**

Measures:

**1) *Rectify* the amount in dispute to BRL 1,000.00.**

**2) Maintain in camera proceedings *only* for documents numbers 05-10 (IDs 1293628255 to 1293628268), therefore <u>excluding</u> the in-camera proceedings for the other documents, including the initial complaint.**

**3) Notify both defendants for awareness and compliance with this decision.**

On this occasion, both defendants <u>are summoned</u> to respond to the proceedings within the legal deadline (art. 335 of the Code of Civil Procedure), counting only the business days, in accordance with 219 of the Code of Civil Procedure. I will no longer designate the hearing referred to in the *introductory clause* of Art. 334 of the Code of Civil Procedure, and the defendant, if applicable, will express an opinion on the matter in the defense document.



When filing a response, they must attach to the case the documents they deem relevant to the outcome of the lawsuit (art. 434, *introductory clause*, Code of Civil Procedure).

**4) Subsequently, summon the plaintiff to comment on any objection(s) and the documents that accompany them..**

**5) In due course, renew the submission of the records to the judge.**

Brasilia/DF, *validation date of the System*.

## SOLANGE SALGADO

Federal Judge of the 1st Trial Court – SJ/DF

---

[1]   *Art. 189. Procedural acts are public, however the following cases are handled in camera:*

*I   - when required by public or social interest;*

*II   - when dealing with marriage, separation of bodies, divorce, separation, stable union, filiation, alimony and custody of children and adolescents;*

*III - when featuring data protected by the constitutional right to intimacy;*

*IV- when referring to arbitration, including compliance with an arbitration letter, provided that the confidentiality stipulated in the arbitration is proven before the court.*

**[2]** *Breach of Business Secrecy*

*Art. 169. Violating, exploiting or disclosing, without just cause, corporate secrecy or confidential data about operations or services, contributing to the debtor's economic or financial unviability:*

*Penalty – imprisonment, from 2 (two) to 4 (four) years, and a fine.*

**[3]** *Sets forth provisions on research, experimentation, production, packaging and labeling, transportation, storage, marketing, commercial advertising, use, import, export, final destination of waste and packaging, registration, classification, control, inspection and supervision of pesticides, their components and the like, and provides other measures.*

**[4]** *Regulates Law No. 7.802, of July 11, 1989, which sets forth provisions on research, experimentation, production, packaging and labeling, transportation, storage, marketing, commercial advertising, use, import, export, final destination of waste and packaging, registration, classification, control, inspection and supervision of pesticides, their components and the like, and provides other measures.*



[5] http://portal.anvisa.gov.br/registros-e-autorizacoes/agrotoxicos/produtos/avaliacao-toxicologica.



Justiça Federal da 1ª Região
PJe - Processo Judicial Eletrônico

21/07/2023

Número: **1056475-07.2022.4.01.3400**

Classe: **PROCEDIMENTO COMUM CÍVEL**
Órgão julgador: **1ª Vara Federal Cível da SJDF**
Última distribuição : **29/08/2022**
Valor da causa: **R$ 1.000,00**
Assuntos: **Registro de Empresa**
Segredo de justiça? **NÃO**
Justiça gratuita? **NÃO**
Pedido de liminar ou antecipação de tutela? **SIM**

| Partes | Procurador/Terceiro vinculado |
|---|---|
| **RAINBOW DEFENSIVOS AGRICOLAS LTDA (AUTOR)** | **BRUNO DE SOUZA CARDOSO (ADVOGADO)** |
| **AGENCIA NACIONAL DE VIGILANCIA SANITARIA - ANVISA (REU)** | |
| **INSTITUTO BRASILEIRO DO MEIO AMBIENTE E DOS RECURSOS NATURAIS RENOVAVEIS - IBAMA (REU)** | |
| **UNIÃO FEDERAL (REU)** | |

| Documentos | | | |
|---|---|---|---|
| Id. | Data da Assinatura | Documento | Tipo |
| 13200 99277 | 16/09/2022 14:08 | Decisão | Decisão |



PODER JUDICIÁRIO
JUSTIÇA FEDERAL
**Seção Judiciária do Distrito Federal**
1ª Vara Federal Cível da SJDF

---

**PROCESSO: 1056475-07.2022.4.01.3400**
**CLASSE: PROCEDIMENTO COMUM CÍVEL (7)**
**POLO ATIVO: RAINBOW DEFENSIVOS AGRICOLAS LTDA**
**REPRESENTANTES POLO ATIVO: BRUNO DE SOUZA CARDOSO - SP206583**
**POLO PASSIVO: AGENCIA NACIONAL DE VIGILANCIA SANITARIA - ANVISA e**
**outros**

**DECISÃO**

Trata-se de ação ajuizada sob o procedimento comum por **RAINBOW DEFENSIVOS AGRÍCOLAS LTDA** em desfavor da **AGÊNCIA NACIONAL DE VIGILÂNCIA SANITÁRIA – ANVISA** e do **INSTITUTO BRASILEIRO DO MEIO AMBIENTE E DOS RECURSOS RENOVÁVEIS – IBAMA**, com os seguintes pedidos meritórios:

> *a) a **antecipação dos efeitos da tutela**, **em caráter de urgência e independentemente da oitiva dos Réus ou da realização de audiência de conciliação ou mediação**, a fim de que, enquanto não for julgada a presente demanda, sejam estes compelidos a, no prazo de 30 (trinta) dias ou outro razoável que venha a ser fixado por V. Exa., realizarem as avaliações toxicológica e ambiental do produto técnico equivalente **CLORANTRANILIPROLE TÉCNICO RAINBOW**, seja para concluírem as avaliações técnicas, com emissão do certificado de registro pelo MAPA, seja para solicitarem esclarecimentos e/ou informações adicionais, ressaltando que, neste último caso, deverá ser respeitado o mesmo prazo, a contar do cumprimento da exigência [processo MAPA nº 21000.041549/2019-42; processo IBAMA nº 02001.017562/2019-26; e processo ANVISA nº 25351.356261/2019-05];*
>
> *(...)*


Assinado eletronicamente por: SOLANGE SALGADO DA SILVA - 16/09/2022 14:08:59
https://pje1g.trf1.jus.br:443/pje/Processo/ConsultaDocumento/listView.seam?x=22091610425095500001308919959
Número do documento: 22091610425095500001308919959

*d) a **procedência** do pedido, confirmando-se a decisão que antecipou os efeitos da tutela, afastando-se a aplicação ao caso dos dispositivos impostos pelo novo Decreto nº 10.833/21 referentes aos prazos de análise do pedido de registro em comento, especificamente aqueles que alteraram o prazo de 120 (cento e vinte) dias estabelecidos na redação original do artigo 15 do Decreto 4.074/02, mantendo-se, para este caso, a aplicação dessa redação original, condenando-se os Réus a, no prazo de 30 (trinta) dias ou outro razoável que venha a ser fixado por V. Exa., analisarem o pedido de avaliação do produto técnico equivalente **CLORANTRANILIPROLE TÉCNICO RAINBOW**, seja para concluírem as avaliações técnicas, com emissão do certificado de registro pelo MAPA, seja para solicitarem esclarecimentos e/ou informações adicionais, ressaltando que, neste último caso, deverá ser respeitado o mesmo prazo, a contar do cumprimento da exigência [processo MAPA nº 21000.041549/2019-42; processo IBAMA nº 02001.017562/2019-26; e processo ANVISA nº 25351.356261/2019-05];*

Requereu também a tramitação do processo em segredo de justiça, ao fundamento de que a ação envolve informações comerciais de caráter confidencial e estratégico.

Narra que a presente ação busca que os réus, dentro dos limites das suas competências, sejam compelidas a promover a avaliação do produto técnico equivalente CLORANTRANILIPROLE TÉCNICO RAINBOW, seja para solicitarem esclarecimentos e/ou informações adicionais, seja para concluírem as avaliações técnicas e encaminharem o resultado destas ao MAPA, para emissão do certificado de registro, objeto do processo MAPA 21000.041549/2019-42; IBAMA, nº 02001.017562/2019-26; e ANVISA nº 25351.356261/2019-05, expediente nº 0543732/19-9, que diz ter sido protocolado em 18/06/19 e que aguardam análise há 3 anos e 2 meses.

Esclarece que, nos termos do art. 10 do Decreto 4.074/02, para se obter o registro de qualquer produto técnico equivalente no Brasil, o requerente deve pleitear à ANVISA a sua análise toxicológica, ao IBAMA, a avaliação do potencial de periculosidade ambiental, e ao MAPA, a avaliação de eficiência agronômica e a emissão do certificado de registro.

Alega que, seguindo esse trâmite administrativo, requereu ao MAPA, ao IBAMA e à ANVISA o registro do produto supracitado, contudo, transcorrido 3 anos e 2 meses, as análises tenham sido sequer iniciadas, o que diz configurar mora passível de afastamento pelo Judiciário, já que violadora dos princípios da eficiência, da moralidade e da duração razoável dos processos administrativos.



Sustenta, ainda, a inaplicabilidade dos novos prazos de avaliação estabelecidos pelo decreto 10.833/2021 – que podem variar de 6 (seis) meses [para categoria prioritária] até 24 (vinte e quatro) meses [para categoria ordinária] –, ao argumento de que o pleito de registro foi protocolado na vigência da redação original do referido dispositivo, que previa o prazo de 120 dias para a conclusão do procedimento.

Instruiu a inicial com documentos, dentre eles, procuração (id. 1293628252) e comprovante do pagamento das custas processuais (id. 1293615288).

Foram os autos conclusos.

É o relato necessário.

**Fundamento e decido.**

*1. Questões preliminares*

*1.1 Do valor atribuído à causa*

Observa-se que o valor atribuído na petição inicial não guarda pertinência com o benefício econômico pretendido pela parte autora, que consiste na pretensão de compelir os Réus ANVISA e IBAMA a realizarem as avaliações das suas competências, com vistas à finalização do processo e posterior emissão do certificado de registro pelo MAPA.

E, no que tange ao valor da causa, este deve corresponder ao conteúdo econômico pretendido com a demanda. No caso dos autos, a parte autora não busca a concessão judicial de registro do referido produto, mas apenas afastar a mora administrativa decorrente da inércia em analisar o referido pleito.

Assim, forte no artigo 292, § 3º, do CPC, impõe-se a correção de ofício o valor da causa para R$ 1.000,00 (mil reais). Deve-se, pois, anotar esse novo valor da causa.

*1.2 Do pedido de tramitação do feito sob segredo de justiça*



A análise da necessidade ou não de o processo tramitar em segredo de justiça parte da análise do art. 5º, LX, da Constituição da República, e do art. 189 do CPC. Transcrevo-os:

CRFB:

*Art. 5º Todos são iguais perante a lei, sem distinção de qualquer natureza, garantindo-se aos brasileiros e aos estrangeiros residentes no País a inviolabilidade do direito à vida, à liberdade, à igualdade, à segurança e à propriedade, nos termos seguintes:*

*(...)*

*LX - a lei só poderá restringir a publicidade dos atos processuais quando a defesa da intimidade ou o interesse social o exigirem;*

CPC:

*Art. 189. Os atos processuais são públicos, todavia tramitam em segredo de justiça os processos:*

*I - em que o exija o interesse público ou social;*

*II - que versem sobre casamento, separação de corpos, divórcio, separação, união estável, filiação, alimentos e guarda de crianças e adolescentes;*

*III - em que constem dados protegidos pelo direito constitucional à intimidade;*

*IV - que versem sobre arbitragem, inclusive sobre cumprimento de carta arbitral, desde que a confidencialidade estipulada na arbitragem seja comprovada perante o juízo.*

*§ 1º O direito de consultar os autos de processo que tramite em segredo de justiça e de pedir certidões de seus atos é restrito às partes e aos seus procuradores.*

E a Portaria PRESI – 8016281 – do TRF da 1ª Região, a qual *Regulamenta procedimentos relacionados ao sistema Processo Judicial Eletrônico – PJe no âmbito da Justiça Federal da 1ª Região*, assim dispõe (negritou-se):



*CAPÍTULO V*

*DO FUNCIONAMENTO DO PJe*

*Seção I*

*Do procedimento de distribuição, avaliação da autuação e da prevenção*

*(...)*

*Art. 24. Quando houver pedido expresso, a indicação de que o processo eletrônico está submetido a segredo de justiça deverá ser incluída:*

*I – no ato do ajuizamento, por indicação do advogado ou procurador;*

*II – no ato da transmissão, quando se tratar de recurso interposto em primeiro grau de jurisdição, pelo órgão judicial de origem;*

*III – por determinação do juiz da causa.*

*Art. 25. O pedido de segredo de justiça ou de sigilo de documento feito pelo advogado será submetido à análise do juiz da causa, permanecendo válido até decisão judicial em sentido contrário. (destaquei)*

Na hipótese, não estão configuradas as hipóteses que ensejam a decretação do segredo de justiça *integral* dos autos (art. 5º, LX, da Constituição da República c/c o art. 189 do CPC[1]), pois a própria parte autora afirma na exordial que, "*No caso em pauta, justifica-se a tramitação em segredo, eis que, para a comprovação das alegações da Autora, estão sendo apresentados documentos submetidos ao Ministério da Agricultura, Pecuária e Abastecimento – MAPA [docs. 5/6], ao Instituto Brasileiro do Meio Ambiente e dos Recursos Naturais Renováveis – IBAMA [docs. 7/8] e à Agência Nacional de Vigilância Sanitária - ANVISA [docs. 9/10], para obtenção do registro do produto técnico equivalente CLORANTRANILIPROLE TÉCNICO RAINBOW*".

Assim, e atento ao art. 169 da Lei 11.101/05[2], deve-se manter o segredo de justiça apenas dos documentos de números 05/10 (id's. 1293628255 a 1293628268), razão pela qual se impõe referido ajuste abaixo determinado de forma a se excluir o segredo de justiça dos demais documentos, inclusive da exordial.

**2. Do mérito do pedido de tutela provisória de urgência, de natureza antecipada/satisfativa, formulado incidentalmente**



Assinado eletronicamente por: SOLANGE SALGADO DA SILVA - 16/09/2022 14:08:59
https://pje1g.trf1.jus.br:443/pje/Processo/ConsultaDocumento/listView.seam?x=22091610425095500001308919959
Número do documento: 22091610425095500001308919959

A respeito do pedido de antecipação dos efeitos da tutela, o pedido de tutela antecipada (tecnicamente, antecipação provisória dos efeitos finais da tutela definitiva), como modalidade de tutela provisória de urgência, nos termos do artigo 300 do Código de Processo Civil, constitui-se em providência protetiva do bem jurídico tutelado pelo Direito, com a função de assegurar a entrega efetiva da prestação jurisdicional e possui como pressupostos *elementos que evidenciem a probabilidade do direito e o perigo de dano ou o risco ao resultado útil do processo*, advindos da não concessão da medida.

Numa análise perfunctória, própria desta fase de cognição sumária, **vislumbro** a presença de ambos os requisitos supracitados.

A Constituição da República consagrou os princípios da eficiência, da razoabilidade e, em virtude da Emenda Constitucional nº 45/2004, que incluiu no art. 5º da CF/88 o inciso LXXVIII, o direito à célere tramitação e à razoável duração dos processos.

O art. 49 da Lei nº 9.784/99, que rege o processo administrativo no âmbito do Poder Executivo da União, estatuiu o prazo de 30 (trinta) dias, prorrogáveis por uma vez, para que a Administração prolate decisão nos processos administrativos.

Na hipótese, a pretensão autoral visa compelir o IBAMA e a ANVISA a realizarem as avaliações toxicológica e ambiental do produto técnico equivalente CLORANTRANILIPROLE TÉCNICO RAINBOW, seja para solicitarem esclarecimentos e/ou informações adicionais, seja para concluírem as avaliações técnicas e encaminharem o resultado destas ao MAPA, para emissão do certificado de registro, cujo pedido é objeto dos processos MAPA nº 21000.041549/2019-42 (id. 1293628255); IBAMA nº 02001.017562/2019-26 (id. 1293628260); e ANVISA nº 25351.356261/2019-05, expediente nº 0543732/19-9 (id. 1293628266 c/c id. 1293628268).

A Lei nº 7.802/1989, que dispõe sobre a pesquisa, a experimentação, a produção, a embalagem e rotulagem, o transporte, o armazenamento, a comercialização, a propaganda comercial, a utilização, a importação, a exportação, o destino final dos resíduos e embalagens, o registro, a classificação, o controle, a inspeção e a fiscalização de agrotóxicos, seus componentes e afins, e dá outras providências, estabelece, em seu art. 9º, que a União adotará providências para o fim de "*legislar sobre a produção, registro, comércio interestadual, exportação, importação, transporte, classificação e controle tecnológico e toxicológico*", *in verbis*:

> *Art. 9º No exercício de sua competência, a União adotará as seguintes providências:*
>
> *I – legislar sobre a produção, registro, comércio interestadual, exportação, importação, transporte, classificação e controle tecnológico e toxicológico;*



Dessa forma, a matéria de registro de defensivos agrícolas é regida por legislação específica, a saber, a Lei nº 7.802/1989[3] e seu Decreto regulamentador nº 4.074/2002[4], em que se atribui competências específicas ao Ministério da Agricultura, Pecuária e Abastecimento – MAPA, ao Ministério do Meio Ambiente – MMA e ao Ministério da Saúde – MS.

A despeito das competências do MMA e do MS dispostas no Decreto nº 4.074/2002, as responsabilidades de avaliação dos defensivos agrícolas foram delegadas, por força dos Decretos nº 6.099/2007 (este foi revogado e substituído pelo Decreto nº 8.973/2017, o qual manteve a referida competência – inciso VIII do art. 2º) e nº 3.029/1999, respectivamente, ao Instituto Brasileiro de Meio Ambiente dos Recursos Naturais Renováveis – IBAMA e à Agência Nacional de Vigilância Sanitária – ANVISA.

Nesse contexto, a obtenção de registro de qualquer produto técnico equivalente depende de análise prévia e aprovação pelo MAPA, IBAMA e ANVISA, respectivamente, quanto aos aspectos de eficácia agronômica, segurança ambiental e sanitária.

Dessa forma, para obter o registro do produto técnico equivalente supracitado, a parte autora requereu ao MAPA, ao IBAMA e à ANVISA a análise do produto, conforme relatado na exordial.

O órgão responsável por fornecer o registro de agrotóxicos no Brasil é o Ministério da Agricultura, Pecuária e Abastecimento (Mapa). Cabe à Anvisa apenas a Avaliação Toxicológica do produto.

Na hipótese, é importante destacar que o pedido da parte autora foi apresentado perante o MAPA, o IBAMA e a ANVISA em **18.06.2019** (id's. 1293628255, 1293628260 e 1293628266, respectivamente).

Assim, aqui incide a redação ***originária*** do art. 15 do Decreto nº 4.074, de 04/01/2002, que regulamenta a Lei nº 7.802/89, e dispõe a respeito do registro de agrotóxicos e seus componentes, cuja redação originária desse artigo determinava que o registro deveria ser concedido em um prazo máximo de 120 (cento e vinte) dias, a contar da data de apresentação do requerimento. Veja-se:

> ***Art. 15. Os órgãos federais competentes deverão realizar a avaliação técnico-científica, para fins de registro ou reavaliação de registro, no prazo de até cento e vinte dias, contados a partir da data do respectivo protocolo.***
>
> ***§ 1º A contagem do prazo será suspensa caso qualquer dos órgãos avaliadores solicite por escrito e fundamentadamente, documentos ou informações adicionais, reiniciando a partir do***



*atendimento da exigência, acrescidos trinta dias.*

*§ 2º A falta de atendimento a pedidos complementares no prazo de trinta dias implicará o arquivamento do processo e indeferimento do pleito pelo órgão encarregado do registro, salvo se apresentada, formalmente, justificativa técnica considerada procedente pelo órgão solicitante, que poderá conceder prazo adicional, seguido, obrigatoriamente, de comunicação aos demais órgãos para as providências cabíveis.*

*§ 3º Quando qualquer órgão estabelecer restrição ao pleito do registrante deverá comunicar aos demais órgãos federais envolvidos.*

*§ 4º O órgão federal encarregado do registro disporá de até trinta dias, contados da disponibilização dos resultados das avaliações dos órgãos federais envolvidos, para conceder ou indeferir a solicitação do requerente. (destacou-se)*

E a avaliação toxicológica é o procedimento realizado pela Anvisa para avaliação do risco para a saúde humana decorrente da exposição à substância em análise no prazo estabelecido no art. 15, *caput*, do Decreto regulamentador nº 4.074/2002 (120 dias), sendo uma das etapas obrigatórias no processo de registro de agrotóxicos. O resultado da avaliação toxicológica é publicado no Diário Oficial da União (DOU) e, após a publicação no DOU, a Anvisa emite comunicação eletrônica para empresa e o Ministério da Agricultura Pecuária e Abastecimento (Mapa) encaminha ofício à empresa[5].

Por outro lado, reconheço que a questão não é simples de resolver e demanda do julgador uma análise atenta de cada caso.

Isso porque é inegável o aumento dos pedidos perante o IBAMA e a ANVISA, a contrastar com o número reduzido de servidores.

E há outro complicador: o crescente número de demandas judiciais, com pedidos deferidos, o que traz prejuízos aos administrados que não se socorrem ao Poder Judiciário, pois, na intenção de cumprir as decisões judiciais, a agência reguladora dará prioridade aos pedidos objeto de ações judiciais, em detrimento da ordem cronológica dos demais processos e do princípio da isonomia.

Por isso, o julgamento de pedidos como o realizado nos autos demanda do julgador uma análise atenta para o caso concreto, a partir dos princípios da razoabilidade e da proporcionalidade.

**Tendo por base esses preceitos, examino o presente caso.**

No caso destes autos, verifica-se que a parte autora formulou pedido de


Assinado eletronicamente por: SOLANGE SALGADO DA SILVA - 16/09/2022 14:08:59
https://pje1g.trf1.jus.br:443/pje/Processo/ConsultaDocumento/listView.seam?x=22091610425095500001308919959
Número do documento: 22091610425095500001308919959

registro do produto técnico equivalente CLORANTRANILIPROLE TÉCNICO RAINBOW perante o MAPA o MAPA, o IBAMA e a ANVISA em **18.06.2019** (id's. 1293628255, 1293628260 e 1293628266, respectivamente). Contudo, decorrido mais de 3 (três) anos à data da propositura da demanda, nenhuma decisão final foi proferida pela parte ré, impedindo, assim, o prosseguimento da análise do pedido de registro de agrotóxico pelo MAPA. Em outras palavras, conforme a determinação do art. 15, *caput*, do Decreto regulamentador nº 4.074/2002, em sua redação *originária* aqui aplicável, os órgãos federais competentes possuem 120 (cento e vinte) dias para a avaliação técnico-científica de produtos agrícolas, porém já se passaram mais de 3 anos desde o referido protocolo.

E mesmo considerando a previsão de suspensão do prazo previsto no art. 15, §1º, do Decreto nº 4.074/2002, e a complexidade e importância da análise em tela – já que envolve a análise técnico-científica, que engloba a avaliação do risco para a saúde humana decorrente da exposição à substância que compõe o agrotóxico –, não se mostra razoável que os réus ainda não tenham analisado o pleito administrativo da parte autora, restando evidente se tratar de mora excessiva a impor pronto afastamento pelo Poder Judiciário.

Ora, é cediço que a parte autora, independentemente de vir a obter êxito no pleito sobredito formulado na esfera administrativa, tem direito à apreciação dele, a qual deve ocorrer no prazo fixado em lei, ou, não o havendo, dentro de um prazo razoável e suficiente à análise e julgamento, sob pena de a um só tempo ocorrer lesão ao princípio da eficiência administrativa, bem como ao direito do interessado, e, além disso, incorrer a ANVISA e o IBAMA em abuso do poder revestido sob a forma omissiva.

Assim, estão a ANVISA e o IBAMA em omissão, com prejuízo ao direito da empresa autora de ver apreciado seu requerimento em razoável tempo.

Conforme a "*orientação jurisprudencial assente nesta eg. Corte Regional que a omissão, ou a mora excessiva da administração pública, caracteriza ato ilegal, devendo ser realizada a análise do pedido, em atenção aos princípios da eficiência e da garantia razoável do processo*", (REO 0008841-13.2014.4.01.3400 / DF, Rel. DESEMBARGADOR FEDERAL CARLOS MOREIRA ALVES, Rel. Conv. JUIZ FEDERAL MARCELO VELASCO NASCIMENTO ALBERNAZ (CONV.), QUINTA TURMA, e-DJF1 de 23/10/2017).

Ademais, "*É assente o entendimento jurisprudencial deste Tribunal no sentido de que 'compete à Administração Pública examinar e decidir os requerimentos que lhe sejam submetidos à apreciação, no prazo legal, sob pena de violação aos princípios da eficiência, da moralidade e da razoável duração do processo, conforme preceitua a Lei nº 9.784/99 e os dispositivos insertos nos artigos 5º, inciso LXXVIII e 37, caput, da Constituição Federal, que a todos assegura o direito à celeridade na tramitação dos procedimentos administrativos'*" (AMS 0002440-66.2012.4.01.3400, DESEMBARGADOR FEDERAL NÉVITON GUEDES, TRF1 – QUINTA TURMA, e-DJF1 28/01/2015 PAG 1202).



Diante dos fatos colocados mostra-se razoável e necessária a fixação de um prazo para conclusão da análise do pedido da parte autora, visto que de há muito já fluiu o prazo legal de cento e vinte dias para que fosse feita a análise do produto.

E para a fixação desse prazo são necessárias a adoção de algumas premissas inafastáveis, quais sejam:

**1) Não se pode ignorar a complexidade técnica que envolve a análise toxicológica de um produto técnico equivalente e o cuidado com que a matéria deve ser tratada, inclusive no prisma ambiental.**

**2) Inobstante o pedido da autora ter sido formulado perante o MAPA, o IBAMA e a ANVISA em 18.06.2019 (id's. 1293628255, 1293628260 e 1293628266, respectivamente)., respectivamente, verifica-se que, antes do ajuizamento desta demanda, o Brasil como um todo (incluindo os serviços públicos) foi atingido pela notória calamidade pública de ordem sanitária e econômica decorrente da pandemia causada pelo novo coronavírus (Sars-CoV-2, causador da atual pandemia de covid-19) declarada pela OMS em 11 de março de 2020, a qual afetou a forma de prestação de diversos serviços públicos e, em outros casos em que não é possível a prestação deles de forma remota / à distância, os mesmos foram suspensos temporariamente em função do recomendável isolamento social.**

**3) E cujo cenário impõe a aplicação, dentre outras, da Norma Fundamental do Processo Civil inserta no art. 8º (*Ao aplicar o ordenamento jurídico, o juiz atenderá aos fins sociais e às exigências do bem comum, resguardando e promovendo a dignidade da pessoa humana e observando a proporcionalidade, a razoabilidade, a legalidade, a publicidade e a eficiência*) e o art. 20 da LINDB, com a redação incluída pela Lei 13.655/2018 (*Nas esferas administrativa, controladora e judicial, não se decidirá com base em valores jurídicos abstratos sem que sejam consideradas as consequências práticas da decisão*). E para atendimento do referido artigo 20, da Lei de Introdução à Normas do Direito Brasileiro, considero que a minha decisão não gera consequências práticas danosas ao bem público, já que abaixo se determinará a conclusão do pleito administrativo em questão em prazo razoável que já considera o cenário pandêmico atual.**

**4) E, em casos como o presente, e inobstante a inegável mora, é de rigor, contudo, que o enfrentamento da emergência de saúde pública de magnitude internacional, ocasionada pela pandemia COVID-19, impõe a modulação dos efeitos daquilo que se considera prazo razoável, sobretudo quando a instrução no âmbito da União e das duas autarquias rés demandar a realização de atos que não comportam cumprimento pelos canais remotos disponibilizados pelos réus.**

Por isso, e considerando ser inegável que a parte autora necessita do registro para exercer suas atividades, a pretensão autoral há de ser deferida já no



começo da lide.

Por último, saliento que a parte autora não questiona o mérito do pedido feito no âmbito administrativo, mas apenas a omissão da ANVISA e do IBAMA em examinar seu pedido.

Ante o exposto:

**I) Retifico o valor da causa para a quantia de R$ 1.000,00 (mil reais), nos termos do art. 292, §§ 2º e 3º, do CPC. Anote-se.**

**II) Defiro, em parte, o pedido de tramitação do feito sob segredo de justiça, de forma que apenas os documentos de números 05/10 (id's. 1293628255 a 1293628268) tramitem sob o segredo de justiça.**

**III) Presentes os pressupostos legais, DEFIRO o pedido de tutela provisória de urgência antecipada incidental para determinar à ANVISA e ao IBAMA que, <u>no prazo máximo de 30 (trinta) dias *úteis*</u>, a contar da intimação desta decisão *via Sistema*, realizem as avaliações toxicológica e ambiental do produto técnico equivalente CLORANTRANILIPROLE TÉCNICO RAINBOW, objeto dos processos administrativos MAPA nº 21000.041549/2019-42 (id. 1293628255); IBAMA nº 02001.017562/2019-26 (id. 1293628260); e ANVISA nº 25351.356261/2019-05, expediente nº 0543732/19-9 (id. 1293628266 c/c id. 1293628268).**

**Determino, ainda, e desde já, que, havendo alguma exigência no decorrer do processo administrativo supracitado, a análise do atendimento à referida exigência seja realizada no mesmo prazo supracitado, a partir do seu efetivo cumprimento pela parte autora.**

Providências:

**1) *Retificar* o valor da causa para R$ 1.000,00.**

**2) Manter o segredo de justiça *apenas* dos documentos de números 05/10 (id's. 1293628255 a 1293628268), <u>excluindo-se</u>, por conseguinte, o segredo de justiça dos demais documentos, inclusive da petição inicial.**

**3) Intimar ambas as rés para ciência e cumprimento desta decisão.**

Nessa oportunidade, <u>citem-se</u> ambas as rés para que respondam ao processo no prazo legal (art. 335 do CPC), computando-se somente os dias úteis, na forma do 219 do CPC. Deixo de designar a audiência a que se refere o *caput* do art. 334 do CPC, cabendo à parte ré, se for o caso, manifestar-se a respeito no bojo da



peça de defesa.

Na oportunidade da contestação, deverão carrear aos autos os documentos que reputarem pertinentes ao deslinde da demanda (art. 434, *caput*, CPC).

**4) Na sequência, intimar a parte autora para se manifestar sobre a(s) eventual(is) contestação(ões) e os documentos que a(s) acompanham.**

**5) Oportunamente, renovar a conclusão dos autos.**

Brasília/DF, *data de validação do Sistema*.

## SOLANGE SALGADO

Juíza Federal da 1ª Vara – SJ/DF

---

[1] *Art. 189. Os atos processuais são públicos, todavia tramitam em segredo de justiça os processos:*

*I - em que o exija o interesse público ou social;*

*II - que versem sobre casamento, separação de corpos, divórcio, separação, união estável, filiação, alimentos e guarda de crianças e adolescentes;*

*III - em que constem dados protegidos pelo direito constitucional à intimidade;*

*IV - que versem sobre arbitragem, inclusive sobre cumprimento de carta arbitral, desde que a confidencialidade estipulada na arbitragem seja comprovada perante o juízo.*

[2] *Violação de sigilo empresarial*

*Art. 169. Violar, explorar ou divulgar, sem justa causa, sigilo empresarial ou dados confidenciais sobre operações ou serviços, contribuindo para a condução do devedor a estado de inviabilidade econômica ou financeira:*

*Pena – reclusão, de 2 (dois) a 4 (quatro) anos, e multa.*

[3] *Dispõe sobre a pesquisa, a experimentação, a produção, a embalagem e rotulagem, o transporte, o armazenamento, a comercialização, a propaganda comercial, a utilização, a importação, a exportação, o destino final dos resíduos e embalagens, o registro, a classificação, o controle, a inspeção e a fiscalização de agrotóxicos, seus componentes e afins, e dá outras providências.*

[4] *Regulamenta a Lei nº 7.802, de 11 de julho de 1989, que dispõe sobre a pesquisa, a experimentação, a produção, a embalagem e rotulagem, o transporte, o armazenamento, a*


Assinado eletronicamente por: SOLANGE SALGADO DA SILVA - 16/09/2022 14:08:59
https://pje1g.trf1.jus.br:443/pje/Processo/ConsultaDocumento/listView.seam?x=22091610425095500001308919959
Número do documento: 22091610425095500001308919959

*comercialização, a propaganda comercial, a utilização, a importação, a exportação, o destino final dos resíduos e embalagens, o registro, a classificação, o controle, a inspeção e a fiscalização de agrotóxicos, seus componentes e afins, e dá outras providências.*

**[5]** http://portal.anvisa.gov.br/registros-e-autorizacoes/agrotoxicos/produtos/avaliacao-toxicologica.


Assinado eletronicamente por: SOLANGE SALGADO DA SILVA - 16/09/2022 14:08:59
https://pje1g.trf1.jus.br:443/pje/Processo/ConsultaDocumento/listView.seam?x=22091610425095500001308919959
Número do documento: 22091610425095500001308919959

Num. 1320099277 - Pág. 13



STATE OF NEW YORK
CITY OF NEW YORK
COUNTY OF NEW YORK

CERTIFICATION

I, Jacqueline Yorke, as an employee of TransPerfect Translations, Inc., do hereby certify, to the best of my knowledge and belief, that the provided Chinese into English translation(s) of the source document(s) listed below are true accurate:

- September 16, 2022 Rainbow decision

TransPerfect Translations, Inc., a translation organization with over 90 offices on six continents, is a leader in professional translations. TransPerfect Translations, Inc. has over twenty years experience translating into the above language pair, its work being accepted by business organizations, governmental authorities and courts throughout the United States and internationally.

TransPerfect Translations, Inc. affirms that the provided translation was produced in according to our ISO 9001:2015 and ISO 17100:2015 certified quality management system, and also that the agents responsible for said translation(s) are qualified to translate and review documents for the above language pair, and are not a relation to any of the parties named in the source document(s).

_____
Jacqueline Yorke, Project Manager

Sworn to before me this
Friday, September 06, 2024

_____
Signature, Notary Public

WENDY POON
Notary Public - State of New York
No. 01PO0000184
Qualified in Queens County
My Commission Expires February 02, 20 27

_____
Stamp, Notary Public